**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| AVENTIS SYSTEMS, INC., and | ) | CASE NO. 23-51162-LRC |
| CORTAVO, INC., | ) | CASE NO. 23-51165-LRC |
| | ) | |
| Debtors. | ) | ***Jointly Administered under 23-51162-lrc*** |
| | ) | |

**PLAN TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT**

Tamara Miles Ogier as Plan Trustee for the Litigation Trust ("Plan Trustee"), by and through counsel of record, files Plan Trustee's Motion for Approval of Compromise and Settlement ("Motion") in an effort to obtain authorization to compromise and settle controversies between the Litigation Trust (the "Litigation Trust") and Capital One Financial Corporation ("the Settling Entity") to resolve the following preference claim: *Tamara Miles Ogier as Plan Trustee for the Litigation Trust v. Capital One Financial Corporation*, Adversary Proceeding No. 26-5024-lrc.

## I. BACKGROUND

1.

On February 6, 2023 (the "Petition Date"), the Debtors filed Voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Bankruptcy Court"), which bankruptcy cases are being jointly administered as Bankruptcy Case No. 23-51162-lrc (the "Bankruptcy Cases");

2.

On April 4, 2024, Debtors filed their Second Modified Third Amended Joint Chapter 11 Plan (the "Plan")[1], and on April 17, 2024, the Bankruptcy Court entered an Order Confirming the Plan which was subsequently amended by the Amended Order Confirming the Plan entered on April 25, 2024. Therefore, pursuant to section 2.2.31 of the Plan, the Effective Date of the Plan is May 26, 2024.

3.

The Plan provides for, among other things, the creation of a Litigation Trust to pursue certain Causes of Action[2] for the benefit of holders of certain Allowed Claims as that term is defined under the Plan.

4.

Pursuant to section 5.3 of the Plan, the Trustee has two years from the Effective Date to pursue the Causes of Action, as that term is defined in the Plan.

5.

On June 7, 2024, the Bankruptcy Court entered an Order approving the Litigation Trust Agreement ("Trust Agreement") that establishes the "Litigation Trust" as set forth in the Plan and approved Tamara Miles Ogier serving as its Trustee.

---

[1] Reference to the "Plan" as set forth herein, refers to the Plan, as modified and amended.

[2] Reference to "Causes of Action" as forth herein refers to the definition found in the Plan at section **2.2.15: "***Causes of Action* shall mean any and all of the Debtors' and the Estates' Avoidance Actions as defined in this Plan and all claims, causes of action, suits, proceedings, liabilities, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, torts, penalties, statutory violations, agreements, promises, variances, setoff or recoupment rights, trespasses, damages, or judgments, whether asserted or unasserted, liquidated or unliquidated, based on any act or omission or other event occurring prior to the Effective Date and any claims acquired following the Petition Date, but prior to the entry of the Confirmation Order, including without limitation all such Causes of Action described in the Disclosure Statement; provided, however, that Causes of Action shall not include any actions arising in favor of the Debtors or their Estates with respect to the MCA Creditors."

6.

Pursuant to the Court approved Trust Agreement, Tamara Miles Ogier is the duly appointed and qualified Plan Trustee for the Litigation Trust.

7.

As part of her investigation, the Plan Trustee had a forensic accounting of the Debtors' finances performed, seeking, among other things, information regarding potential preferential claims under 11 U.S.C.§ 547(b) and available information regarding affirmative defenses under 11 U.S.C. § 547(c).

8.

The Settling Entity received funds from the Debtor within the 90 days prior to the filing of the Debtor's bankruptcy petition.

9.

Pursuant to 11 U.S.C. § 547, the Plan Trustee made demand on the Settling Entity for turnover of the funds it received during the 90-day period prior to the Petition Date. The amount sought in the Complaint against Capital One Financial Corporation was $158,650.47.

10.

To pursue the Litigation Trust's claims, the Plan Trustee filed suit against the Settling Entity, Adversary Proceeding No. 26-5024. However, the Settling Entity convincingly demonstrated that all but the amount of this settlement was offset by the "new value" defense pursuant to 11 U.S.C. § 547(c)(4).

11.

The Plan Trustee seeks authority to enter into and execute the Settlement Agreement and Mutual Release ("Settlement Agreement"), which is attached hereto and incorporated herein by

reference as Exhibit A, and to take any other necessary steps to consummate the compromises set forth in the Settlement Agreement between the Litigation Trust and the Settling Entity.

12.

The Plan Trustee proposes to compromise the Litigation Trust's claims against the Settling Entity upon the terms and conditions presented in the Settlement Agreement. Pursuant to the Settlement Agreement, the Settling Entity proposes, among other things, to settle the claims made against it in Adversary proceeding 26-5024-lrc by payment to the Plan Trustee of the amount of $3,329.77, within fifteen (15) days of Court approval of this compromise and settlement.

**II. LEGAL STANDARDS**

13.

The standards of approving or disapproving a settlement are the factors set forth in *Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks, II, Ltd.)*, 898 F2d 1544, 1549 (11 Cir. 1990), cert. denied, 498 U.S. 959 (1990).

14.

Justice Oaks requires that the Court consider (1) the probability of success in the litigation;(2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) deference to the reasonable views of creditors.

15.

The Plan Trustee believes that the Settlement Agreement is in the best interests of the creditors. After considering the viability of the asserted “new value” defenses, the Settlement Agreement between the Plan Trustee and the Settling Entity results in the resolution of disputed claims in an expeditious and economical manner, without the need for further litigation and he

attendant costs and risks. In view of the costs associated with continuing litigation and the uncertainty that generally accompanies all litigation, the Plan Trustee believes that the Settlement Agreement with the Settling Entity should be approved by this Court.

16.

Under the standard set forth above and for the reasons previously detailed herein, the Plan Trustee believes the Court should approve this Motion.

WHEREFORE, Plan Trustee prays that this Honorable Court enter an order:

1. Approving this Motion, including the proposed compromise and settlement as set out above and in the Settlement Agreement attached hereto;
2. Authorizing the Plan Trustee to enter into the Settlement Agreement and all other documents necessary to effectuate the compromise and settlement referenced herein; and
3. Grant such other and further relief as this Court deems just and proper.

OGIER, ROSENFELD & STEIL, P.C.

By: /s/ *Allen Rosenfeld*
Allen Rosenfeld
Georgia Bar No. 614451

P.O. Box 1547
Decatur, GA 30031
(404) 525-4000
apr@orsatl.com

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

**THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE** (the "Agreement") is made and entered into as of the date the Agreement is fully executed, by and between **Tamara Miles Ogier in her capacity as Plan Trustee for the Litigation Trust** ("Plan Trustee" or the "Plaintiff"**)** in Aventis Systems, Inc. and Cortavo, Inc., being jointly administered under Case No. 23-51162-LRC and **Capital One, N.A.** (the "Defendant").

## W I T N E S S E T H

**WHEREAS**, on or about February 6, 2023, Aventis Systems, Inc. and Cortavo, Inc. ("Debtors") filed their respective voluntary bankruptcy petitions under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court").

**WHEREAS**, the Debtors' Chapter 11 bankruptcy cases are docketed and remain pending in the Bankruptcy Court as jointly administered under Bankruptcy Case No. 23-51162-lrc (the "Bankruptcy Cases").

**WHEREAS,** On June 7, 2024, the Bankruptcy Court entered an Order approving the Litigation Trust Agreement ("Trust Agreement") that establishes the "Litigation Trust" as set forth in the Plan and approved Tamara Miles Ogier serving as its Plan Trustee. Pursuant to the Bankruptcy Court approved Trust Agreement, Tamara Miles Ogier is the duly appointed and qualified Plan Trustee for the Litigation Trust.

**WHEREAS**, on or about January 30, 2026, the Plan Trustee filed an adversary proceeding against Defendant, which adversary proceeding was docketed and remains pending in the Bankruptcy Court as Adversary Proceeding No. 26-5024-lrc (the "Litigation"). In the Litigation the Plan Trustee demanded, *inter alia*, payment from the Defendant as an alleged recipient of preferential transfers from the Debtor, which the Plan Trustee alleged were avoidable pursuant to 11 U.S.C. §§ 547, 550, 551, and applicable state laws.

**WHEREAS** the Defendant denies liability and asserted defenses to the claims set forth in the Litigation.

**WHEREAS**, the Plan Trustee and Defendant (together, the "Parties"), on the terms and conditions contained herein, desire to compromise and settle all of the claims and disputes raised in the Litigation.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree as follows:

1. **<u>Payment</u>**: Defendant shall deliver $3,329.77, (the "Settlement Amount") by check or certified funds, including via wire or ACH electronic transfer, to the Plan Trustee within thirty (30) calendar days of Bankruptcy Court approval of this proposed Agreement.

2. **Dismissal of Litigation**: Within thirty (30) business days after the date of Bankruptcy Court approval of this proposed agreement or within fifteen (15) business days of the Plan Trustee's receipt of the entire Settlement Amount, whichever is later, or within such other later time as the Parties may agree in writing, the Plan Trustee shall file for entry in the Litigation a Notice of Dismissal with prejudice, executed by counsel for the Plan Trustee and providing for the dismissal with prejudice of the Litigation in its entirety.

3. **Release of Defendant**: Other than claims arising from this Settlement Agreement, the Plan Trustee, for herself as Plan Trustee, on behalf of the Litigation Trust, , hereby releases, acquits and forever discharges Defendant, including all of Defendants' insiders, affiliates, and subsidiaries, from any and all claims, causes of action, suits, debts, liens, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) of any kind, character, or nature whatsoever, known or unknown, fixed or contingent, which the Plan Trustee, and/or the Litigation Trust, may have, or claim to have, now against Defendant which arise out of, relate to, or are connected with any of the claims asserted by the Plan Trustee against Defendant, including all of Defendants' insiders, affiliates, and subsidiaries, in the Litigation,

4. **Release of the Plan Trustee and the Debtor's Estate**: Other than claims arising from this Settlement Agreement, Defendant hereby releases, acquits, and forever discharges the Plan Trustee (as plan trustee) and the Litigation Trust, and each and every past and present principal, agent, servant, employee, representative and attorney for the Plan Trustee of the Litigation Trust, from any and all claims which it may have, or claim to have now, against the Plan Trustee (as plan trustee), or the Debtors' respective bankruptcy estates, or which may hereafter arise out of, relate to, or be connected with any act of commission or omission of the Debtors, the Plan Trustee or the Debtors' respective bankruptcy estates existing or occurring prior to the date of this Agreement. The release contained in this paragraph shall include the release and waiver of Defendant's right to file a claim for the amount of the Settlement Payment pursuant to section 502(h) of the Bankruptcy Code. Notwithstanding the foregoing, any existing Proof of Claim filed by Defendant, or any of its affiliates or subsidiaries, including Claim No. 6-1 filed on February 23, 2023 by Defendant against Aventis Systems, Inc. and Claim No. 2-1 filed on March 16, 2023 by Defendant against Cortavo, Inc., shall be unaffected by this Agreement and any Approval Order, defined below; all parties' respective rights, claims, and defenses are preserved as to such Proofs of Claim.

5. **Covenants Not to Sue**: Other than claims and rights of enforcement arising from this Settlement Agreement, the Plan Trustee and Defendant mutually covenant that they will not sue, sue further, or otherwise prosecute in any way any person or entity herein above released with respect to any and every claim released in this Agreement.

6. **No Prior Transfer**: The Parties hereby mutually represent and warrant that there has been no assignment, sale or other transfer or disposition of any interest in any of the claims hereinbefore released and forever discharged.

7. **Required Court Approval**: Upon the execution and delivery of this Agreement, the Plan Trustee, at its sole cost and expense, shall promptly move the Bankruptcy Court for the entry of an order (the "Approval Order") in the Bankruptcy Case approving this Agreement and the compromise and settlement provided for herein pursuant to Bankruptcy Rule 9019. The Parties to this Agreement agree to use their best efforts to obtain the entry of the Approval Order. Unless

otherwise agreed in writing between the Parties, this Agreement and the obligations of the Parties hereto are in all respects contingent upon the Approval Order becoming a Final Order. For purposes of this Agreement, "Final Order" shall mean an order or judgment of the Bankruptcy Court as entered on its docket that has not been reversed, stayed pursuant to Bankruptcy Rule 8005, or any other applicable rule of civil or appellate procedure, modified or amended, and as to which the time to appeal, petition for certiorari, or seek reargument or rehearing was timely filed, or as to which any right to appeal, petition for certiorari or seek reargument or rehearing has been waived in writing in a manner satisfactory to the Parties, or if a notice of appeal, petition for certiorari, or motion for reargument or rehearing was timely filed, the order or judgment of the Bankruptcy Court has been affirmed by the highest court to which the order or judgment was appealed or from which the reargument or rehearing was sought, or a certiorari has been denied, and the time to file any further appeal or to petition for certiorari or to seek further reargument has expired.

8. **Assignment, Predecessors, Successors and Assigns**: This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their legal representatives, predecessors, successors and assigns.

9. **No Liability**: The Parties to this Agreement each deny liability to the other. Neither the execution and delivery of this Agreement nor the performance of any matters contemplated hereby or provided for herein shall in any way or manner be construed as an admission of any allegation, fact or liability or any act of wrongdoing. Should this Agreement not be approved by the Bankruptcy Court, or should the Approval Order not become a Final Order, then nothing contained herein shall constitute an admission or be admissible in any subsequent litigation between the Plan Trustee and Defendant, and all relevant deadlines in the Litigation shall be deemed tolled.

10. **Construction**: The Parties hereto hereby mutually acknowledge and represent that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties hereto further hereby mutually acknowledge that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against any party, but rather shall be given a fair and reasonable interpretation, based on the plain language of the Agreement and the expressed intent of the Parties.

11. **Entire Agreement**: This Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein, and this Agreement may not be altered, amended or modified in any respect or particular whatsoever except by a writing duly executed by each of the Parties hereto.

12. **Counterparts**: This Agreement may be executed in several counterparts, each of which shall be an original, so that all of which taken together shall constitute one and the same instrument. Furthermore, this Agreement may be executed and delivered by facsimile or email and the parties agree that such facsimile or email execution and delivery shall have the same force and effect as delivery of an original document with original signatures, and that each party may use such email

***EXECUTION***

or facsimile signatures as evidence of the execution and delivery of this Agreement by all parties to the same extent that an original signature could be used.

13. **Severability**: In the event that any part of this Agreement shall be found to be illegal or in violation of public policy, or for any reason unenforceable at law, such finding shall not invalidate any other part hereof.

14. **Choice of Law**: This Agreement shall be interpreted under, and construed in accordance with, the laws of the State of Georgia, except where superseded or controlled by the Bankruptcy Code.

**IN WITNESS WHEREOF** and in agreement herewith, the Parties have executed and delivered this Agreement, as of the date indicated below.

**CAPITAL ONE, NATIONAL ASSOCIATION**

Date: 8/11/2026

Signed by:
By: Brian Young Brian Young, Esq.
4018C9CCBC514DE...

Its: Director, Asst. General Counsel

Date: 8.13.26

By: ______________________
TAMARA MILES OGIER as and only as Plan Trustee for the Litigation Trust for the Estate of Aventis Systems, Inc. and Cortavo, Inc., being jointly administered under Case No. 23-51162-LRC

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| AVENTIS SYSTEMS, INC., and | ) | CASE NO. 23-51162-LRC |
| CORTAVO, INC., | ) | CASE NO. 23-51165-LRC |
| | ) | |
| Debtors. | ) | ***Jointly Administered under 23-51162-lrc*** |
| | ) | |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that on August 17, 2026, Tamara Miles Ogier as Plan Trustee for the Litigation Trust ("Plan Trustee") in Aventis Systems, Inc. and Cortavo, Inc., being jointly administered under Case No. 23-51162-LRC, filed Plan Trustee's Motion for Approval of Compromise and Settlement ("Motion") in an effort to obtain authorization to compromise and settle controversies between the Litigation Trust (the "Litigation Trust") and Capital One Financial Corporation ("the Settling Entity") to resolve the following preference claim: *Tamara Miles Ogier as Plan Trustee for the Litigation Trust v. Capital One Financial Corporation*, Adversary Proceeding No. 26-5024-lrc.

**Background:** On February 6, 2023 (the "Petition Date"), the Debtors filed Voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Bankruptcy Court"), which bankruptcy cases are being jointly administered as Bankruptcy Case No. 23-51162-lrc (the "Bankruptcy Cases").

On April 4, 2024, Debtors filed their Second Modified Third Amended Joint Chapter 11 Plan (the "Plan")[3], and on April 17, 2024, the Bankruptcy Court entered an Order Confirming the Plan which was subsequently amended by the Amended Order Confirming the Plan entered on April 25, 2024. Therefore, pursuant to section 2.2.31 of the Plan, the Effective Date of the Plan is May 26, 2024.

The Plan provides for, among other things, the creation of a Litigation Trust to pursue certain Causes of Action[4] for the benefit of holders of certain Allowed Claims as that term is defined under the Plan.

---

[3] Reference to the "Plan" as set forth herein, refers to the Plan, as modified and amended.

[4] Reference to "Causes of Action" as forth herein refers to the definition found in the Plan at section **2.2.15: "***Causes of Action* shall mean any and all of the Debtors' and the Estates' Avoidance Actions as defined in this Plan and all claims, causes of action, suits, proceedings, liabilities, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, torts, penalties, statutory violations, agreements, promises, variances, setoff or recoupment rights, trespasses, damages, or judgments, whether asserted or unasserted, liquidated or unliquidated, based on any act or omission or other event occurring prior to the Effective Date and any claims acquired following the Petition Date, but prior to the entry of the Confirmation Order, including without limitation

Pursuant to section 5.3 of the Plan, the Plan Trustee has two years from the Effective Date to pursue the Causes of Action, as that term is defined in the Plan.

On June 7, 2024, the Bankruptcy Court entered an Order approving the Litigation Trust Agreement ("Trust Agreement") that establishes the "Litigation Trust" as set forth in the Plan and approved Tamara Miles Ogier serving as its Trustee.

Pursuant to the Court approved Trust Agreement, Tamara Miles Ogier is the duly appointed and qualified Plan Trustee for the Litigation Trust.

As part of her investigation, the Plan Trustee had a forensic accounting of the Debtors' finances performed, seeking, among other things, information regarding potential preferential claims under 11 U.S.C.§ 547(b) and available information regarding affirmative defenses under 11 U.S.C. § 547(c).

The Settling Entity received funds from the Debtor within the 90 days prior to the filing of the Debtor's bankruptcy petition. Pursuant to 11 U.S.C. § 547, the Plan Trustee made demand on the Settling Entity for turnover of the funds it received during the 90-day period prior to the Petition Date. The amount sought in the Complaint against Bank of America, N.A. was $158,650.47.

To pursue the Litigation Trust's claims, the Plan Trustee filed suit against the Settling Entity, Adversary Proceeding No. 26-5024. However, the Settling Entity convincingly demonstrated that all but the amount of this settlement was offset by the "new value" defense pursuant to 11 U.S.C. § 547(c)(4).

**Settlement:** The Plan Trustee seeks authority to enter into and execute the Settlement Agreement and Mutual Release ("Settlement Agreement"), which is attached to the Motion as Exhibit A, and to take any other necessary steps to consummate the compromises set forth in the Settlement Agreement between the Litigation Trust and the Settling Entity.

The Plan Trustee proposes to compromise the Litigation Trust's claims against the Settling Entity upon the terms and conditions presented in the Settlement Agreement. Pursuant to the Settlement Agreement the Settling Entity propose, among other things, to settle the claims made against it in Adversary proceeding 26-5024-lrc by payment to the Plan Trustee in the amount of $3,329.77, due within fifteen (15) days of Court approval of the compromise and settlement.

The Plan Trustee believes that the Settlement Agreement is in the best interests of the creditors. After considering the viability of the asserted "new value" defenses, the Settlement Agreement between the Plan Trustee and the Settling Entity results in the resolution of disputed claims in an expeditious and economical manner, without the need for further litigation and he attendant costs and risks. In view of the costs associated with continuing litigation and the uncertainty that generally accompanies all litigation, the Plan Trustee believes that the Settlement Agreement with the Settling Entity should be approved by this Court.

---

all such Causes of Action described in the Disclosure Statement; provided, however, that Causes of Action shall not include any actions arising in favor of the Debtors or their Estates with respect to the MCA Creditors."

Pursuant to Fifth Amended and Restated General Order no. 24-2018, the Court may consider this matter without further notice of a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. **If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk** at United States Bankruptcy Court, Room 1340, 75 Ted Turner Drive, SW, Atlanta, GA 30303, and serve a copy on the movant's attorney, Ogier, Rosenfeld & Steil, P.C., P.O. Box 1547, Decatur, Georgia, 30031-1547, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the bankruptcy Clerk within the required time.

A hearing on the pleading has been scheduled for **September 30, 2026.** The Court will hold a hearing on the Motion at **10:30 A.M.** on **September 30, 2026**, in Courtroom **1204**, U.S. Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia 30303, which must be attended in person, unless the Court orders otherwise.

If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice and without holding the scheduled hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the scheduled hearing, the hearing will be held as scheduled.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

Dated: August 17, 2026

OGIER, ROSENFELD & STEIL, P.C.

By: /s/ *Allen Rosenfeld*
Allen Rosenfeld
Georgia Bar No. 614451

Attorneys for Tamara Miles Ogier as Chapter 7 Trustee

P.O. Box 1547
Decatur, Georgia 30031
(404) 525-4000
apr@orsatl.com

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Plan Trustee's Motion for Approval of Compromise and Settlement* and *Notice of Pleading, Deadline to Object and for Hearing* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Debra L Blair** debra.blair@cobbcounty.gov
- **Matthew R. Brooks** matthew.brooks@troutman.com
- **Taylor L. Dove** tdove@huntermaclean.com, kjameson@huntermaclean.com;areeves@huntermaclean.com;lgibson@huntermaclean.com
- **Robert J. Fehse** rfehse@evanspetree.com, stanceyd@evanspetree.com
- **Will B. Geer** wgeer@rlkglaw.com, dsideris@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;lmassey@rlkglaw.com;cwilliams@rlkglaw.com;ecf_emails@rlkglaw.com
- **Whitney Groff** whitney.groff@cobbcounty.org
- **Ralph P Guenther** rguenther@guentherlawgroup.com
- **James W. Hays** beau@hayspotter.com
- **Todd E. Hennings** thennings@maceywilensky.com, cteh11@trustesolutions.net;hcrowder@maceywilensky.com
- **Anna Mari Humnicky** ahumnicky@smallherrin.com, klemons@smallherrin.com;kweindorf@smallherrin.com
- **John E Johnson** jjohnson@padfieldstout.com
- **Vivieon K Jones** vivieon.jones@usdoj.gov, CaseView.ECF@usdoj.gov
- **Shanna M. Kaminski** skaminski@kaminskilawpllc.com
- **Bryan Scott Kaplan** bk@kaplanlawga.com, sagis@kaplanlawga.com
- **J. Hayden Kepner** hkepner@swlawfirm.com, rwilliamson@swlawfirm.com;centralstation@swlawfirm.com;fharris@swlawfirm.com;aray@swlawfirm.com;mlevin@swlawfirm.com
- **Benjamin S. Klehr** bklehr@smallherrin.com, klemons@smallherrin.com;kweindorf@smallherrin.com
- **Matthew Joseph Lee** mjl@replevin.com, ecf@writofseizure.com
- **Brian J. Levy** blevy@taftlaw.com, jrankine@mmmlaw.com
- **James W. Martin** james@jmartinlawatl.com
- **Quan Andy Thanh Nguyen** , kweindorf@smallherrin.com,klemons@smallherrin.com
- **Karl E. Osmus** karlosmus@gmail.com, kbloodworth@bellsouth.net
- **Sarah T Reise** sarah.reise@troutman.com, kelly-ann.cowan@troutman.com;kimberly.boring@troutman.com
- **William A. Rountree** wrountree@rlkglaw.com, 6717577420@filings.docketbird.com;wgeer@rlkglaw.com;2836@notices.nextchapterbk.com;willgeer@ecf.courtdrive.com;emillerrlkg@ecf.courtdrive.com;dsideris@rlkglaw.com;cwilliams@rlkglaw.com
- **Philip L. Rubin** prubin@lrglaw.com
- **Amin Sadri** asadri@Kaplanlawga.com

- **Gus H. Small** gsmall@smallherrin.com, klemons@smallherrin.com
- **Bruce Z. Walker** bwalker@cpmtlaw.com, jpenston@cpmtlaw.com
- **J. Robert Williamson** rwilliamson@swlawfirm.com, centralstation@swlawfirm.com;aray@swlawfirm.com;hkepner@swlawfirm.com;fharris@swlawfirm.com;mlevin@swlawfirm.com

I further certify that on this day I caused a copy of this document to be served via U.S. Mail by depositing the same in the United States Mail, postage prepaid and addressed to the following:

Jed Donaldson, Esq.
Troutman Pepper Locke
1001 Haxall Point, Suite 1500
Richmond, VA 23219

This 17th day of August, 2026

OGIER, ROSENFELD & STEIL, P.C.

By: /s/ *Allen Rosenfeld*
Allen Rosenfeld
Georgia Bar No. 614451

P.O. Box 1547
Decatur, GA 30031
(404) 525-4000
apr@orsatl.com